EASTERN DIST.
*April*, 1837.

ARMFIELD AND
FRANKLIN
*vs.*
CARLIN.

## ARMFIELD & FRANKLIN *vs.* CARLIN.

ON AN APPLICATION FOR A MANDAMUS TO THE JUDGE OF THE FIRST
JUDICIAL DISTRICT.

A motion was made *exparte* to the district judge, to allow the sheriff to
correct an error in his return on an action, and on the judge's refusal
to grant the motion, a *mandamus* was prayed for to compel him : *Held*,
that this is a case in which the Supreme Court cannot be called on to
exercise its appellate jurisdiction, and it has *appellate* jurisdiction *only*.

This is an application for a *mandamus*. The attorney for
the plaintiffs took a rule on the judge of the first judicial
district, " to show cause why a *mandamus* should not issue,
commanding him to enter on the minutes of his court, a
motion made *exparte* by the counsel in the above entitled
case, for the purpose of granting leave to the sheriff to
amend his return of the *fieri facias* issued, and partly
executed in the said case."

The district judge showed for cause " that it appears an
execution of *fieri facias* had issued against the defendant,
and on the latter paying the amount demanded of him by
the sheriff on the execution, it was returned *satisfied*. It is
alleged there was error in the calculation of the interest.
This error cannot be corrected on an *exparte* motion. The
return is the property of the defendant, and cannot be
interfered with, except contradictorily with him.

However freely amendments are allowed in the com-
mencement of a cause, to allow returns on executions to
be set aside for alleged errors, and on *exparte* motions, is
irregular and illegal, and of which no precedent is to be
found. Executions of *fieri facias* or *capias ad satisfaciendum*
and the rights of defendants therein, are too important to be
thus dealt with ; nor is it just to put a defendant to an
injunction, or even subject his property or person to seizure
for errors of calculation of the officer. It appears more

correct and proper that the officer should bear the consequences of his own error."

*Bodin*, for the applicants.

*Carleton, J.*, delivered the opinion of the court.

This is an application for a *mandamus* to the judge of the court for the first district.

The plaintiffs had obtained judgment against the defendants, and the sheriff having made an error in the calculation of interest arising thereon, returned the *fieri facias* "satisfied," for a less sum than was really due.

A motion was made *exparte* to the district judge, to allow the sheriff to correct an error in his return on an execution, and on the judge's refusal to grant the motion, a mandamus was prayed for to compel him : *Held*, that this is a case in which the Supreme Court cannot be called on to exercise its appellate jurisdiction, and it has *appellate* jurisdiction *only*.

The judge refused to permit the error to be corrected on *exparte* motion.

In his return to the rule served upon him, he states as the ground of his refusal, " that the error cannot be corrected on an *exparte* motion ; that the return is the property of the defendant, and cannot be interfered with, except contradictorily with him."

This is plainly a case in which this court cannot be called upon to exercise its appellate powers. By section 2, article 4, of the constitution, it is declared, " that the Supreme Court shall have appellate jurisdiction only."

The subject cannot receive a better illustration than is contained in the words of the constitution itself ; nothing need be added. Let the rule be discharged.